UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIAMICHELE PATRICIA LYOTIER KENNEDY,<br><br>          Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. CV 14-2277 JC<br><br>MEMORANDUM OPINION |

## I.  SUMMARY

On March 25, 2014, plaintiff Piamichele Patricia Lyotier Kennedy ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 27, 2014 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 19, 2010, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits.  (Administrative Record ("AR") 27, 150, 154).  Plaintiff asserted that she became disabled on April 19, 2009, due to mental illness.  (AR 27, 150, 154, 182).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on June 20, 2012.  (AR 59-93).

On November 16, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 27-48).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  bipolar disorder and anxiety disorder not otherwise specified (AR 45); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 45); (3) plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, but was limited to simple, routine tasks in an environment with limited contact with others (AR 45); (4) plaintiff could not perform her past relevant work (AR 47); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically inspector, assembler, and packager (AR 47-48); and (6) plaintiff's subjective complaints were not fully credible (AR 46).

The Appeals Council denied plaintiff's application for review.  (AR 1).

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, inter alia, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ's step five determination was based on legal error. (Plaintiff's Motion at 4-7). The Court disagrees.

### A. Pertinent Law

If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R. §§ 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A). The Commissioner may satisfy this burden, depending upon the circumstances, by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).

When a claimant suffers only exertional (strength-related) limitations, the ALJ must consult the Grids. Lounsburry v. Barnhart, 468 F.3d 1111, 1115 (9th Cir. 2006). When a claimant suffers only non-exertional limitations, however, the Grids (which are predicated solely on a claimant's exertional limitations) are generally inappropriate and the ALJ must rely on other evidence. Id. (citation omitted). When a claimant suffers from both exertional and nonexertional limitations, the ALJ must first determine whether the Grids mandate a finding of disability with respect to exertional limitations. See Lounsburry, 468 F.3d at 1116; Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989). If so, the claimant must be awarded benefits. Cooper, 880 F.2d at 1155. If not, and if the claimant suffers from significant and sufficiently severe non-exertional limitations, not accounted for in the Grids, the ALJ must take the testimony of a vocational expert.

1 Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007). The vocational expert's
2 testimony may constitute substantial evidence of a claimant's ability to perform
3 work which exists in significant numbers in the national economy when the ALJ
4 poses a hypothetical question that accurately describes all of the limitations and
5 restrictions of the claimant that are supported by the record. See Tackett, 180 F.3d
6 at 1101.

      B.     **Pertinent Facts**

At the June 20, 2012 administrative hearing, the ALJ posed a hypothetical question to the vocational expert which included all the limitations noted in the ALJ's residual functional capacity assessment for plaintiff (*i.e.*, that plaintiff could perform work at all exertional levels, with the additional non-exertional limitations to only simple, routine tasks in an environment with limited contact with others). (Compare AR 45 with AR 84). In response, the vocational expert essentially testified that plaintiff (or a hypothetical individual with the same characteristics as plaintiff) would be able to perform the representative jobs of order clerk, inspector, and assembler. (AR 84-85).

      C.     **Analysis**

Plaintiff appears to argue that the ALJ erred at step five by relying on the vocational expert's testimony regarding available jobs instead of consulting Rules 201.06 and 202.06 under the Grids which, plaintiff contends, would mandate a finding of disability in plaintiff's case. (Plaintiff's Motion at 4-7). A remand or reversal is not warranted on this basis.

Here, substantial evidence supported the ALJ's non-disability determination at step five. Plaintiff does not dispute the accuracy of the hypothetical question the ALJ posed to the vocational expert at the hearing. Thus, the vocational expert's testimony in response to the ALJ's complete hypothetical question, without more, was substantial evidence supporting the ALJ's determination that plaintiff was able to perform work which exists in significant numbers in the

national economy. See Tackett, 180 F.3d at 1101; see also Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A [vocational expert's] recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.").

To the extent plaintiff argues that the ALJ erred at step five by not using Rules 201.06 and 202.06, such an argument lacks merit. Use of the Grids is not appropriate at step five where, like here, a claimant suffers only non-exertional limitations. See Lounsburry, 468 F.3d at 1115 (citation omitted). Even so, as noted above, the ALJ determined that, apart from certain non-exertional limitations, plaintiff retained the residual functional capacity to perform work at *all* exertional levels. (AR 45). Thus, Rules 201.06 and 202.06 – which are used when claimants are limited to work at the sedentary and light exertional levels, respectively – would not apply in plaintiff's case.[2]

Accordingly, a reversal or remand on this basis is not warranted.

**V. CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 27, 2014

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff's suggestion that the ALJ found that "[plaintiff] can only perform sedentary and light occupations" (Plaintiff's Motion at 6) (emphasis added) is belied by the record. Plaintiff has apparently confused the ALJ's finding at step five that plaintiff is able to do the representative sedentary and light jobs identified by the vocational expert as being the ALJ's initial assessment of plaintiff's residual functional capacity.